**ESTATE of E. Brooks GLASS, Jr., Deceased, et al., Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 71-2071.**

United States Court of Appeals,
Fifth Circuit.

May 9, 1972.

**322**

Paul Johnston, Birmingham, Ala., for petitioners-appellants.

K. Martin Worthy, Chief Counsel, I. R. S., Washington, D. C., Scott P. Crampton, Meyer Rothwacks, Asst. Attys. Gen., Fred B. Ugast, Acting Asst. Atty. Gen., Harry Baum, Thomas Stapleton, David E. Carmack, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

By petition for rehearing, appellants advance a novel argument not previously made either in this court or in the court below. Appellants contend that the final dissolution of United on December 28, 1962, qualifies as a § 332 liquidation even accepting the correctness of this court's previous determination, 453 F.2d 1375, that the transactions of May 28–30, 1962, did not qualify under § 332. It is urged that since the December 28th dissolution qualifies under § 332, that transaction serves to immunize from taxation the amount in Fidelity's policyhold-

ers' surplus account at the end of the 1961 taxable year under the provisions of § 381(a) (1) and (c) (22).

However, it is clear that this new contention must be rejected. Under this theory, it is conceded that United purchased from Skinner 100 percent of Fidelity's outstanding stock on December 5, 1962. On December 28, 1962, Fidelity was dissolved and the remaining assets of Fidelity were transferred to United. Thus, the basis of the assets would be determined under § 334(b) (2) because United acquired all of Fidelity's stock by purchase within 12 months and the liquidation occurred within the prescribed time. Section 381(a) (1) and (c) (22) explicitly are inapplicable where the basis of assets received in a § 332 liquidation is so determined.

The petition for rehearing is denied.